IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROGER MOORE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **CIVIL NO. 09-cv-539-MJR** |
| ) | |
| **JOE BROWN, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

Plaintiff Roger Moore brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. He seeks leave to proceed *in forma pauperis*, and it appears that he is indigent. Thus, the motion to proceed *in forma pauperis* (Doc. 2) is **GRANTED**.[1]

The Court will first perform a preliminary review of the complaint pursuant to 28 U.S.C. § 1915(e)(2), which provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). An action or claim is frivolous if "it lacks an arguable basis either in law

---

[1] From the record before the Court, it does not appear that Moore is currently incarcerated.

or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915(e)(2); this action is subject to summary dismissal.

Moore states that on July 17, 2008, he fell and broke his ribs, so he went to the doctor. On July 22, he was still in severe pain, but his father could not take him to the doctor. Instead, he dialed 9-1-1. An ambulance arrived, as did the fire department and the police. At that time, Moore was arrested for falsely calling 9-1-1, and he was taken into custody. He alleges that he was not provided with any medical treatment during his time in jail, where he remained for 72 hours before his father was able to pay his bond. After that, his father took him to the hospital. Moore now seeks damages for his pain and suffering while in jail, the return of his bond money, and the return of his social security disability funds that were garnished.

Moore's first claim appears to be that he did not receive any medical treatment for his broken ribs during the brief time he was in custody.

> [F]or a pretrial detainee to establish a deprivation of his due process right to adequate medical care, he must demonstrate that a government official acted with deliberate indifference to his objectively serious medical needs. *See Qian*, 168 F.3d at 955. This inquiry includes an objective and subjective component. The objective aspect of the inquiry concerns the pretrial detainee's medical condition; it must be an injury that is, "objectively, sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (internal quotations omitted); *see also Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999). "A 'serious' medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Gutierrez v. Peters*, 111 F.3d 1364, 1371 (7th Cir. 1997).
>
> Even if the plaintiff satisfies this objective component, he also must tender sufficient evidence to meet the subjective prong of this inquiry. In particular, the plaintiff must establish that the relevant

> official had "a sufficiently culpable state of mind[,] ... deliberate indifference to [the detainee's] health or safety." *Farmer*, 511 U.S. at 834, 114 S.Ct. 1970. Evidence that the official acted negligently is insufficient to prove deliberate indifference. *See Payne*, 161 F.3d at 1040. Rather, as we have noted, " 'deliberate indifference' is simply a synonym for intentional or reckless conduct, and that 'reckless' describes conduct so dangerous that the deliberate nature of the defendant's actions can be inferred." *Qian*, 168 F.3d at 955. Consequently, to establish deliberate indifference, the plaintiff must proffer evidence "demonstrating that the defendants were aware of a substantial risk of serious injury to the detainee but nevertheless failed to take appropriate steps to protect him from a known danger." *Payne*, 161 F.3d at 1041. Simply put, an official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Higgins*, 178 F.3d at 510. Even if he recognizes the substantial risk, an official is free from liability if he "responded reasonably to the risk, even if the harm ultimately was not averted." *Farmer*, 511 U.S. at 843, 114 S.Ct. 1970.

*Jackson v. Illinois Medi-Car, Inc.*, 300 F.3d 760, 764-65 (7th Cir. 2002).

At this time, the Court will agree that pain from broken ribs could constitute a serious medical need. However, Moore makes no allegation that any of the named defendants acted, or failed to act, with the requisite mental intent of deliberate indifference to his condition. Thus, he has failed to state a claim upon which relief may be granted with respect to his medical care.

Moore's other claim appears to be for false arrest. Although not specifically stated, the Court assumes this claim is asserted against Defendant Joe Brown, the chief of police. Moore makes no allegations that Brown was personally involved in his arrest, and "[t]he doctrine of respondeat superior does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.' " *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001), *quoting Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001). *See also Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Eades v. Thompson*, 823

F.2d 1055, 1063 (7th Cir. 1987); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981). Thus, Moore has failed to state a claim upon which relief may be granted.

In summary, the complaint does not survive review under § 1915(e)(2). Accordingly, this action is **DISMISSED** with prejudice, and all pending motions are now **MOOT**.

**IT IS SO ORDERED.**

**DATED this 27th day of January, 2010.**

                                      **s/ Michael J. Reagan**
                                      **MICHAEL J. REAGAN**
                                      **United States District Judge**